Robert H. BACHLER, Executor of the
Estate of E. Murielle Wunderlich,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 00–17239.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Filed March 1, 2002.

Karl D. Belgum, San Francisco, CA, for
the plaintiff-appellant.

Joan I. Oppenheimer, Assistant United
States Attorney, Washington, DC, for the
appellee.

Before: D.W. NELSON, NOONAN and
HAWKINS, Circuit Judges.

OPINION

NOONAN, Circuit Judge.

Robert H. Bachler ("the Executor"), executor of the estate of E. Murielle Wunderlich, appeals the judgment of the district court for the Northern District of California denying his suit for refund of estate tax erroneously paid pursuant to Internal Revenue Code § 2612(c). We hold that the tax was paid upon a transfer of property by a general power of appointment under a trust that became irrevocable in 1976, and was therefore a generation-skipping transfer exempted by § 1433(b) of the Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat.2085, from the generation-skipping transfer tax ("GST") imposed by 26 U.S.C. §§ 2601–2663. The judgment of the district court is accordingly reversed, and the case remanded for entry of judgment in favor of the Executor.

FACTS

Martin C. Wunderlich died on May 20, 1976. Article Eight, sections I and II of

his will established a trust in favor of his wife E. Murielle Wunderlich, providing her with the income for life plus such amounts of corpus as the trustees in their discretion should choose to give her, and the remainder on her death to be distributed "as my wife may appoint by a will or Codicil thereto specifically referring to and exercising this general power of appointment."

E. Murielle Wunderlich died on November 20, 1997. Her will stated:

Under the Will of my husband, MARTIN C. WUNDERLICH, dated June 4, 1973, and Codicil thereto dated June 8, 1983, which were admitted to probate in the Superior Court of San Mateo County, California, on June 16, 1976, I have a general testamentary power of appointment to direct distribution of the assets of Trust A of the Trust Under the Will of MARTIN C. WUNDERLICH. I hereby exercise that general testamentary power of appointment over said Trust A by appointing all trust assets subject to it as follows:

Two-fifths of the remainder of the trust were thereby allocated in equal shares to her six grandchildren.

On August 20, 1998, the Executor filed a tax return for her estate and paid a GST of $2,043,357.55.

On August 31, 1999, the Executor filed a claim for refund of this amount. On May 4, 2000, no action having been taken on the claim, the Executor filed this suit.

## PROCEEDINGS

On June 16, 2000, the Executor moved for summary judgment. On August 25, 2000, the United States filed a cross-motion for summary judgment. No facts were in dispute. After a hearing, the district court granted summary judgment to the United States. The court noted that the GST could have been escaped if the power of appointment had been exercised not to appoint property to the grandchildren and concluded that § 1433(b) did not mean to exempt a transfer that was not irrevocable after 1986. Judgment was entered for the government.

The Executor appeals.

## ANALYSIS

The GST was first imposed by statute of October 4, 1976, Internal Revenue Code § 2601. By statute of October 22, 1986, the statute was amended to include certain transfers. At the same time it was provided as follows:

§ 1433. Effective Dates

(b)(2) Exceptions—The amendments made by this part shall not apply to—

(A) any generation-skipping transfer under a trust which was irrevocable on September 25, 1985, but only to the extent that such transfer is not made out of corpus added to the trust after September 25, 1985.

The trust for his wife established by the will of Martin H. Wunderlich became irrevocable with his death on May 20, 1976. No corpus was added after September 25, 1985. His wife exercised the general power of appointment that she possessed under his will. The property thereby transferred to her grandchildren exactly meets the description of a transfer excepted from the GST by § 1433(b)(2)(A).

This straightforward reading of the statute is disputed by the government. It argues that § 1433(b)(2)(A) "was never intended to provide an exemption from the GST tax in these circumstances," i.e., where the holder of the general power of appointment was not locked into a situation where the GST was inescapable. The government adds that a general power of appointment is substantially the same as outright ownership and so is generally

treated as part of a decedent's estate, while release of an inter vivos power of appointment is treated as a gift under I.R.C. § 2514. The government admonishes us to read § 1433(b)(2)(A) in context with the rest of the Internal Revenue Code, as all parts of a statute should be read in the context of the whole statutory scheme, *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132–33, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000).

More particularly, the government refers to the other two exceptions made in § 1433(b)(2). One exempts a transfer made by a decedent who could not escape the 1986 tax because he was mentally incompetent at the time of the 1986 law's enactment. § 1433(b)(2)(C). The other exempts a generation-skipping transfer made under a will executed before the date of the enactment of the tax act, if the decedent died within two months of the Act's enactment. § 1433(b)(2)(B). The government argues that the narrowness of these exceptions should narrow the construction of § 1433(b)(2)(A).

The government finds stronger support by way of analogy with *E. Norman Peterson Marital Trust v. Commissioner*, 78 F.3d 795 (2d Cir.1996). In this case Peterson died in 1974, leaving his wife the life beneficiary of a trust with a general testamentary power of appointment and a provision that, if she did not exercise the power, the remainder was to go to the grandchildren. She died in 1987, not having exercised the power. Seeking to sustain the GST on the transfer to the grandchildren, the government relied on Temp. Treas. Reg. § 26.2601–1(b)(1)(v)(A), which defined the lapse of a general power of appointment as an addition of corpus to the trust. Judge Calabresi in a thoughtful opinion sustained the regulation as a rea-

sonable interpretation of the statute so that, by the statute's own terms, the transfer did not qualify as an exception. But that case is not ours. Here nothing was added to the corpus.

Our case, rather, is the same as *Simpson v. United States*, 183 F.3d 812 (8th Cir.1999), where, on facts substantially similar to ours, Judge Richard Arnold ruled that the exercise of a general power of appointment created by a trust was entitled to the exception explicitly created by § 1433(b)(2)(A). The transfer there, as here, was "under" the trust. The transfer could not have been effected if it had not been under the trust. The exception in the statute, as Judge Arnold observed, is not for a transfer which was irrevocably at the time of enactment of the statute but for a transfer under a "trust which was irrevocable." *Id.* at 814. The first place to find the purpose of a statute, as Judge Arnold also remarked, is in its words. *Id.* The statute creating the exception, carefully drafted to exclude additions to the trust corpus, makes no exclusion for the exercise of a general power of appointment. Acting under the trust created by her husband, Murielle Wunderlich fitted her gifts to her grandchildren so that they fell within the exact wording of § 1433(b)(2)(A).[1]

REVERSED and REMANDED for proceedings consistent with this opinion.

---

1. We do not express any opinion on the validity of Treas. Reg. § 26.2601–1(b)(1)(i), as amended by T.D. 8912 (1999), which was not at issue in this case.